IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOYAN FOLAMI,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA,

    Defendant.

No. C 12-03099 JSW

**ORDER DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING COMPLAINT**

    The Court has received Plaintiff's complaint and application to proceed *in forma pauperis*, both filed on June 15, 2012. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

It is impossible to discern from Plaintiff's complaint many of the essential details of the events giving rise to a claim against the United States District Court.[1] It is not clear what claims Plaintiff actually asserts against the Court and what injury he alleges that he has incurred from any alleged conduct by the Court. As such, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED and the complaint is, DISMISSED, both without prejudice. However, the Court shall afford Plaintiff an opportunity to amend his complaint.

If Plaintiff wishes to pursue this action, he must file an amended complaint by **October 26, 2012**. Failure to file a cognizable legal claim against the District Court by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff

---

[1] Plaintiff also has filed a case against the Internal Revenue Service for what appears to be the same or related conduct. That case is proceeding. *Folami v. Internal Revenue Service*, 12-03474 JSW.

that additional assistance may be available by making an appointment with the Legal Help Center, which is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: October 3, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYAN FOLAMI, | Case Number: CV12-03099 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Toyan Folami
1050 7th Street, #1007
Oakland, CA 94607

Dated: October 3, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk